DAWSON, Respondent, vs. BAUCH and others, Appellants.

*March 13—April 3, 1912.*

*Mortgages: Statutory form: Foreclosure by advertisement: Statute construed.*

1. No power of sale is imported into the statutory form of mortgage by sec. 2209, Stats. (1898), and that statute authorizes the foreclosure of such mortgages only in the manner that other mortgages which do not contain a power of sale are foreclosed.
2. A statutory form of mortgage cannot be foreclosed by advertisement, such foreclosure being restricted by sec. 3523, Stats. (1898), to mortgages containing a power of sale.

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The cause was submitted for the appellants on the brief of *W. S. Cate,* attorney, and *C. A. Lamoreux,* of counsel, and for the respondent on that of *Sanborn, Lamoreux & Pray.*

BARNES, J.    It is conceded that this judgment must be affirmed if a statutory form of mortgage cannot be foreclosed by advertisement.    Sec. 3523, Stats. (1898), authorizes such method of foreclosure only as to mortgages containing a power of sale.    The statutory form of mortgage contains no power of sale, unless such a power is imported into it by sec. 2209, Stats. (1898), which provides that such a mortgage "shall have the effect of a conveyance of the land therein described, together with all the rights, privileges and appurtenances thereunto belonging in pledge to the mortgagee, . . . for the payment of the indebtedness therein set forth, with covenant from the mortgagor that all taxes and assessments levied and assessed upon the land described, during the continuance of the mortgage, shall be paid previous to the day appointed by law for the sale of lands for taxes as fully as the forms of mortgage now and heretofore in common use in this state; and may be foreclosed in the same manner and with the same

effect upon any default being made in any of the conditions thereof as to payment of either principal, interest or taxes."

This statute does not import into the form of mortgage therein provided for all the covenants, powers, and conditions found in forms of mortgage that were in existence when the statute was passed. It provides for two things: (1) that the mortgage shall convey the property therein described as a pledge for the payment of the debt thereby secured, and (2) by virtue of the statute such mortgage shall in effect contain a covenant against taxes. No power of sale is carried into the mortgage by the statute. The provision that a statutory form of mortgage may be foreclosed as other mortgages are does not help the appellants. It means that such a mortgage may be foreclosed in the same manner that other mortgages are which do not contain a power of sale. It follows that the judgment of the circuit court is correct and must be affirmed.

*By the Court.*—Judgment affirmed.